**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 07-06262 EAG |
| EDSON IVAN LUGO TORO and MARILY PADILLA ACOSTA, | CHAPTER 7 |
| DEBTORS. | |
| EDSON IVAN LUGO TORO and MARILY PADILLA ACOSTA, | ADVERSARY NO. 09-00017 EAG |
| PLAINTIFFS, | |
| v. | |
| WILFREDO SEGARRA MIRANDA, et al., | |
| DEFENDANTS. | FILED & ENTERED ON 03/15/2012 |

**OPINION AND ORDER**

## I.    PROCEDURAL HISTORY

On February 2, 2009, joint debtors Edson Iván Lugo Toro and Marily Padilla Acosta (together, "debtors" or "plaintiffs") initiated an adversary proceeding against defendants Luan Investment, S.E. ("Luan"); Marketing Fund; North Deck, Ltd. ("North Deck"); Ganz U.S.A., LLC ("Ganz"); Atwell, Curtis & Brooks Ltd. ("Atwell"); Banco Popular de Puerto Rico ("BPPR"); the Internal Revenue Service ("IRS"); and the chapter 7 trustee appointed to the case.[1]  (Adv. Docket No. 1.)  Claiming that defendants willfully violated the automatic stay by mailing

_____

[1] While the case was filed under chapter 13, it was later converted to chapter 7 on debtors' motion. (Bankr. Docket Nos. 53; 57.)

collection notices to debtors' business after the bankruptcy petition had been filed, plaintiffs assert causes of action pursuant to 11 U.S.C. § 362 (k)(1) and (2), seeking actual damages, including attorney's fees, as well as punitive damages.[2] Id. Plaintiffs subsequently settled all claims with defendants Ganz, Atwell, and BPPR, while claims against the IRS have been dismissed. (Adv. Docket Nos. 10; 20; 28; 29; 43.) The remaining defendants, Luan and North Deck, both filed joint answers to the complaint and motions to dismiss, which the court denied. (Adv. Docket Nos. 68; 69; 76; 78.)

On July 18, 2011, plaintiffs filed a motion for partial summary judgment limited to the issue of liability. (Adv. Docket No. 71.) After neither defendant filed a timely opposition, the court entered an order on August 31, 2011, granting plaintiffs' unopposed motion. (Adv. Docket No. 77.) Defendant Luan filed a motion for reconsideration, which plaintiffs opposed. (Adv. Docket Nos. 81; 82.) At a hearing held on the motion on November 22, 2011, the court set aside the prior order granting partial summary judgment, directed defendants to file responses in opposition within 14 days, and gave plaintiffs seven days to file their reply. (Adv. Docket No. 87.) Luan, complying with the court's order, filed an opposition to plaintiffs' motion for summary judgment on December 6, 2011; however, defendant North Deck, represented by the same counsel, did not file an opposition. (Adv. Docket No. 89.) Plaintiffs filed their reply on December 27, 2011. (Adv. Docket No. 94.)

Having set aside the order granting partial summary judgment, the court now considers again plaintiffs' motion for partial summary judgment, as well as Luan's opposition thereto, and plaintiffs' reply. (Adv. Docket Nos. 71; 89; 94.) Also pending is plaintiffs' motion

---

[2] Plaintiffs filed an amended complaint on December 24, 2009. (Adv. Docket No. 37.)

2

to vacate the court's November 22, 2011 order, Luan's opposition thereto, and plaintiffs' reply. (Adv. Docket Nos. 86; 90; 95.)

## II.     PLAINTIFFS' MOTION TO VACATE

Before reaching the merits of plaintiffs' motion for partial summary judgment, the court shall first address plaintiffs' motion to vacate the court's November 22, 2011 order.  In their motion, plaintiffs argue that the court's order granting partial summary judgment constitutes the law of the case, and that the court thus erred by revisiting the order absent a finding of "manifest injustice."  (Adv. Docket No. 86.)  Luan counters that the order in question does fall under the law of the case doctrine because it is interlocutory, not final, and that the court acted within its discretion.  (Adv. Docket No. 90.)

It is well settled that orders granting partial summary judgment only as to the issue of liability are interlocutory, not final.  See Laboy v. Doral Mortg. Corp. (In re Laboy), 647 F.3d 367, 372 (1st Cir. 2011) ("if the issue of damages was still open when the court resolved the [d]ebtors' motion for partial summary judgment then the court's determination was not final."); Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994)) ("Interlocutory orders ... remain open to trial court reconsideration, and do not constitute the law of the case."). Pursuant to Rule 54(b), an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  The First Circuit has held that courts have discretion in determining whether interlocutory orders should be revisited, and that courts are to "rely on 'the inherent power of the rendering district court to afford such relief from interlocutory judgments ... as justice requires.'"  Golf Tech, LLC v. Edens Techs., LLC, 2009 U.S. Dist. LEXIS 37440, at *9-*11 (D. Me.

Apr. 30, 2009) (quoting Greene v. Union Mut. Life Ins. Co. of Am., 764 F.2d 19, 22 (1st Cir. 1985)).

In this case, the court determined that justice required that the order granting partial summary judgment be set aside due to the fact that it was based on legal error. It is firmly established that even where a party fails to file an opposition to a motion for summary judgment, courts are nevertheless required to evaluate such a motion on its merits. See Cordi-Allen v. Halloran, 470 F.3d 25, 28 (1st Cir. 2006) (noting that a district court is bound to review an unopposed motion for summary judgment on the merits). Neither can a court grant a motion for summary judgment as a sanction. See De La Vega v. The San Juan Star, Inc., 377 F.3d 111, 113, 116 (1st Cir. 2004). Here, however, the order in question indicated that plaintiffs' summary judgment motion was granted as unopposed, including no findings of fact or conclusions of law upon which its holding was based. (Adv. Docket No. 77.) The court thus found it necessary to revisit this order, and to evaluate plaintiffs' motion on its merits.[3] In light of the above, the court DENIES plaintiffs' motion to vacate. (Adv. Docket No. 86.)

## III.     UNCONTESTED FACTS

Turning to the merits of plaintiffs' summary judgment motion, the court finds the following facts to be uncontested pursuant to Rule 56 and D.P.R. Civ. R. 56:

Debtors, doing business as Foto Shoppe, filed a voluntary petition under chapter 13 of the Bankruptcy Code on October 26, 2007. (Bankr. Docket No. 1.) On November 27, 2007,

---

[3] It should be noted that at the November 22, 2011 hearing, the court mistakenly cited Rule 60 as the basis for setting aside the order in question. (Adv. Docket No. 87.) The relevant provision of Rule 60, however, applies only to final orders. Fed. R. Civ. P. 60(b).

defendant Luan, Foto Shoppe's landlord, filed a motion for relief of stay in order to continue with eviction proceedings already underway in state court. (Bankr. Docket No. 14.) On December 18, 2007, debtors and Luan entered into a stipulation by which debtors agreed that they would surrender the premises where their store was located by January 31, 2008, and that, if they failed to do so, the stay would be lifted as to Luan to allow it to enforce the eviction order entered in the state court proceedings. (Bankr. Docket No. 27 at p. 2.) The parties also agreed that post-petition rent from the period from October 26, 2007 until the date the premises were vacated and delivered to Luan would be treated as an administrative rent expense. (Bankr. Docket No. 27 at pp. 2-3.) Following the filing of the bankruptcy petition and prior to debtors receiving a discharge, defendants Luan and North Deck mailed two collection statements to debtors' place of business.[4] (Adv. Docket Nos. 71 at 3; 71-1; 71-2; 71-3; 71-4; 71-5; 71-6; 71-7; 71-8.) However, the exact relationship between defendants Luan and North Deck, as well as North Deck's relationship to debtors, is unclear based on the parties' submissions.[5]

---

[4] While debtors claim in their motion that Luan and North Deck mailed debtors seven statements dated November 26, 2007 and one dated December 27, 2007, the evidence attached to debtors' motion indicates that the submissions dated November 26, 2007 in fact comprise a single, seven-page statement. (Adv. Docket Nos. 71-1; 71-2; 71-3; 71-4; 71-5; 71-6; 71-7.); cf. Claim #15 filed by Luan (Proof of Claim No. 15-1).

[5] It is undisputed that debtors received collection statements dated November 26, 2007 and December 27, 2007 from "Luan Investment S.E./Marketing Fund" bearing North Deck's return address on the envelope. (Adv. Docket No. 71 at p. 3; 71-1; 89 at 1-5.) While debtors refer to North Deck as Luan's "agent" in their motion, debtors do not provide support for this alleged relationship from the record. Fed. R. Civ. P. 56(c). Thus, despite the fact that North Deck failed to submit an opposition to plaintiffs' motion, this proposed fact is not deemed admitted. Fed. R. Civ. P. 56(c); D.P.R. Civ. R 56(e). Of note, Luan attached to its opposition a sworn statement by the director of its collection agency denying that North Deck has any relation to Luan or, more generally, to the shopping center where debtors' store was located. (Adv. Docket No. 89 at 13.) However, Luan's submission fails to comply with the local district court rules, and is thus not considered for purposes of this motion. D.P.R. Civ. R. 56(c) ("A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts.").

5

## IV.    SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56, made applicable to this proceeding by Fed. R. Bankr. P. 7056, a court shall grant summary judgment when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[6]  "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodriguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)).  The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995).  For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id.

In assessing a motion for summary judgment, the court "must view the entire record

---

[6] Rule 56 was amended effective December 1, 2010, after this adversary proceeding was filed.  However, "[t]he substantive standard for summary judgment remains unchanged." Tropigas De P.R. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 n.5 (1st Cir. 2011).  Therefore, since the application of the amended rule to the present case would be "feasible" and would not work an "injustice," Rule 56, as amended, shall govern the determination of the parties' motions. Farmers Ins. Exch., 632 F.3d at 777 n.4 (citing 28 U.S.C. § 2074(a)).

in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) ...." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent ... are questions better suited for the jury") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

## V. LEGAL ANALYSIS

When a debtor files a bankruptcy petition, he or she is immediately protected by an automatic stay that prohibits, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case...." 11 U.S.C. § 362(a)(6). The automatic stay imposes on non-debtor parties an affirmative duty of compliance. Sternberg v. Johnston, 595 F.3d 937, 943 (9th Cir. 2010). Section 362(k) of the Bankruptcy Code provides individuals with a means to redress violations of the stay, stating that "an individual injured by a willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

A debtor alleging a violation of the automatic stay must demonstrate, by a preponderance of the evidence, that "a violation of the automatic stay has occurred, that the violation was willfully committed by the [defendant], and that the debtor suffered damage as a result of the violation." In re Panek, 402 B.R. 71, 76 (Bankr. D. Mass. 2009). A willful violation does not require a specific intent to violate the automatic stay; rather, the debtor must show that the defendant intended the actions that constituted the violation and had knowledge of the stay. See Fleet Mortg. Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). As debtors' motion limits itself to the issue of liability, if debtors establish that such a willful violation occurred here, a separate hearing shall be held at which the parties may present further evidence regarding injury and damages. See Laboy v. Doral Mortg. Corp. (In re Laboy), 647 F.3d 367, 376 (1st Cir. 2011).

In this case, the court finds that debtors have met their burden of proof on the issue of liability as to Luan, but not as to North Deck. Regarding the first element, it is uncontested that Luan and North Deck, leaving aside for a moment the exact nature of the defendants' relationship, sent debtors two collection notices at some point after debtors filed for bankruptcy on October 26, 2007 (triggering the automatic stay) but prior to debtors' receiving their discharge on April 20, 2009.[7] Of the two notices, only the first, dated November 26, 2007, sought to collect on pre-petition debts. (Adv. Docket Nos. 71-1; 71-2; 71-3; 71-4; 71-5; 71-6; 71-7.) In the second notice, dated December 27, 2007, Luan wrote off all pre-petition amounts

---

[7] While the case was briefly dismissed on May 28, 2008 before being reinstated on June 20, 2008, neither party claims that the collection statements at issue were sent during this period. (Bankr. Docket Nos. 50; 55; Adv. Docket Nos. 71; 89; 94.)

8

owed.[8] (Adv. Docket No. 71-8 at 7.) Nevertheless, although Luan rectified its error in seeking to recover pre-petition amounts owed from a debtor in bankruptcy by the following month, the fact remains that the November 26, 2007 statement constitutes a violation of the automatic stay.

As to whether the violation was willful, "where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate." Fleet Mortg. Group, 196 F.3d at 269. Here, Luan entered the bankruptcy case on November 6, 2007, and is thus presumed to have knowledge of the stay from at least that date. (Bankr. Docket No. 8.) Furthermore, Luan does not dispute that it knew of the stay during the relevant period. (Adv. Docket No. 89.) Thus, the court finds that Luan's violation of the stay was willful, and therefore GRANTS debtors' motion for partial summary judgment on the issue of liability as to Luan.

North Deck, however, never appeared in the main case, did not file a proof of claim, is not listed as a creditor in debtors' petition, nor is it included in the creditor matrix. (Bankr. Docket Nos. 1; 10.) While debtors appear to rely on a theory of agency to impute Luan's knowledge of the stay to North Deck, such an agency relationship, even if proven, would not be sufficient to attribute knowledge from a principal to an agent, as that principle actually works in the reverse. (Adv. Docket No. 71); see, e.g., Restatement (Third) of Agency § 5.03 (with some exceptions, "notice of a fact that an agent knows or has reason to know is imputed to the principal if knowledge of the fact is material to the agent's duties to the principal."). In

---

[8] Although the November 2, 2007 entry writing off debtors' pre-petition debts indicates a remaining balance of $3,826.57, this amount is comprised solely of various post-petition charges including common area maintenance, insurance, real property tax, promotion funds, and rent for November 2007, as well the pro-rated rent from October 26, 2007 (the date debtors filed their bankruptcy petition) until the end of that month. (Adv. Docket No. 71-8 at 7.)

any event, debtors have not established that an agency relationship exists between Luan and North Deck, as they did not properly support their proposed fact on this point with citation to record material. D.P.R. Civ. R. 56(e) ("The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.") The court therefore does not take the alleged relationship into consideration in deciding the present motion. Based on the foregoing, the court finds that an issue of material fact remains as to whether North Deck's violation of the automatic stay was willful. Therefore, debtors' motion for partial summary judgment as to North Deck is hereby DENIED.

## VI. CONCLUSION

In view of the foregoing, debtors' motion for partial summary judgment on the issue of liability is GRANTED as to defendant Luan and DENIED as to defendant North Deck. A separate hearing shall be held regarding the issue of damages as to defendant Luan and the issues of liability and damages as to defendant North Deck. Furthermore, plaintiffs' motion to vacate the court's November 22, 2011 order is DENIED.

In San Juan, Puerto Rico, this 15th day of March, 2012.

Edward A. Godoy
U.S. Bankruptcy Judge

10